THE STATE, DEFENDANT IN ERROR, v. LEHIGH VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1918—Decided February 25, 1919.

1. A motion in arrest of judgment, although based upon some fatal defect apparent upon the face of the indictment, cannot prevail unless such defect has been pointed out before trial on a motion to quash, or by plea in abatement, or on demurrer.

2. A judgment will be arrested only for some cause appearing upon the record; hence, if the ground upon which such motion is based appears only in the bill of particulars, the motion must be denied, as the bill of particulars is no part of the indictment.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Gilbert Collins* and *Lindley M. Garrison.*

For the state, *Pierre P. Garven,* prosecutor of the pleas; *George T. Vickers,* assistant prosecutor, and *John F. Drewen, Jr.,* of counsel.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The grand jury of Hudson county presented an indictment against the Lehigh Valley Railroad Company, the National Storage Company, J. A. Middleton and F. L. Blendinger, charging them with manslaughter in the felonious killing of one James H. Doherty. On applica-

tion, made in behalf of the defendants, a bill of particulars was ordered to be furnished setting forth in detail the acts of the defendants, or any or either of them, which the state claimed resulted in the killing. It is charged in this bill that the death of Doherty resulted from the blowing up of certain cars at the terminus of the Lehigh Valley Railroad in Jersey City, said cars being loaded with excessive quantities of highly explosive ammunition, and that the explosion was due to the gross and flagrant negligence of the Lehigh Valley Railroad Company. Thereupon the defendants applied to remove the indictment into this court; and this having been done a motion was made to quash. After hearing the court denied the motion, and the record was remanded to the Hudson Sessions for trial. When the case was moved at the Sessions the prosecutor of the pleas, after stating that he had no evidence which would justify him in asking for a conviction of the National Storage Company, or of the individual defendants, asked leave to *nolle pros.* the indictments against them, and this was granted. The Lehigh Valley Railroad Company thereupon pleaded *non vult,* and this plea being accepted, a fine of $1,000 was imposed upon it, together with the costs of prosecution. When sentence was moved by the prosecutor of the pleas, the counsel for the defendant interposed a motion in arrest of judgment. That motion was based upon two grounds: first, that an indictment for manslaughter will not lie against a corporation aggregate; and second, that under the bill of particulars it appeared that the offence committed by the defendant was a mere violation of a statute regulating the transportation of explosives, and that the violation of that statute could form no basis for the present indictment, the statute prescribing, as counsel claimed, the sole measure of liability for such violation.

The motion in arrest of judgment was refused, and the defendant now assigns this refusal for error.

In the case of *State* v. *Alderman,* 81 *N. J. L.* 549, the Court of Errors, in determining the effect of a plea of *non vult* upon the defendant's legal status, declared that when a defendant had so pleaded, and afterward, when arraigned for sentence,

moved in arrest of judgment on the ground of the insufficiency of the indictment, he cannot upon such motion avail himself of objections which, in the absence of his plea, would have been proper matters for presentation by motion to quash; pointing out that not only was this the rule at common law, but that this rule had been emphasized by the forty-fourth section of our Criminal Procedure act, which provides that "Every objection to any indictment for any defect of form or substance apparent on the face thereof shall be taken by demurrer, or motion to quash such indictment, before the jury shall be sworn, and not afterwards." The plain intent of the rule thus enunciated is that a motion in arrest of judgment, if it is based upon some fatal defect apparent upon the face of the indictment, cannot prevail unless those defects have been pointed out before trial on a motion to quash, or by a plea in abatement, or on demurrer.

The first ground upon which the motion was rested in the present case, namely, that a corporation aggregate is not indictable for manslaughter, was presented on the motion to quash, and is, consequently, entitled to be considered on the later motion; but, as has already been stated, it was held by this court that this ground of attack upon the indictment was without substance, and for the reasons stated in our opinion in *State* v. *Lehigh Valley Railroad Co.*, 90 *N. J. L.* 372. We see no reason to change the view expressed by us in that opinion.

The second ground upon which the motion in arrest of judgment was based, namely, that the statute regulating the handling of explosives by a common carrier while in transit provided the only penalty for a violation of its provision, cannot now be considered. If the bill of particulars be considered as constituting a part of this indictment, then—as the only ground upon which the motion to quash the indictment was rested, so far as the plaintiff in error is concerned, was that a corporation aggregate could not be guilty of manslaughter—that is the only matter that can be raised now, under the rule promulgated in the Alderman case. It is true that the effect of the statute was presented as a ground for quashing the

indictment, but this was only done by the National Storage. Company and the individual defendants.

On the other hand, if the bill of particulars is no part of the indictment (and we do not consider that it is), it may be contended that the rule in the Alderman case has no application. Conceding this, the plaintiff in error is not benefited thereby; for unless it is a part of that pleading the facts set out in it cannot be availed of on a motion in arrest of judgment; for a judgment will be arrested only for some cause appearing upon the record. *Powe* v. *State*, 48 *N. J. L.* 34; 1 *Chit. Crim. L.* 661.

The judgment under review will be affirmed.